Deaderick, J.,
delivered the opinion of the court.
An attachment, on the affidavit of the defendants in error, was issued against the plaintiffs in error, by a justice of the peace of Gibson County.
*143 The writ alleges that the defendants are justly indebted and liable to Moody & Bigelow in the sum of two hundred and twelve dollars, pursuing the form prescribed in sec. 3474 of the Code.
The affidavit states that the defendants are justly liable to the plaintiffs in the sum of two hundred and twelve dollars, the value of a certain horse hired to them, through their agent, and which, by their fault and the fault of their agent, was lost to the plaintiffs; that the defendants are non-residents of this State, &c.;- and that one J. W. Tiner is indebted to them in a sum sufficient to pay this amount; and, thereupon, an attachment is prayed for against the effects of the defendants, and a garnishment against said Tiner, as their debtor, &e.
This affidavit, on its face, purports to have been sworn to by one of the firm of Moody & Bigelow; but the name does not appear in the body of the instrument, which is signed J. W. Moody & Bigelow, and the magistrate certifies that it was subscribed and sworn to before him on the 26th of January, 1871.
Objection to the sufficiency of this affidavit is taken, on the ground that the individual name of neither of the plaintiffs composing the firm of Moody & Bigelow Is inserted in the body of the affidavit, nor subscribed thereto, in verification of its contents.
We are of opinion that the recital that one of the firm of Moody & Bigelow made oath, &c., and the fact that the affidavit is subscribed J. W. Moody & Bigelow, and attested as subscribed and sworn to, sufficiently comply with the requirements of the stat *144 ute. J. W. Moody’s name being signed in full, the addition of the name of Bigelow does not vitiate the affidavit.
Upon this affidavit, the writ of attachment was issued, and also a garnishment, by the justice, and both were returned by the constable to whom issued, and judgment was rendered, and an appeal taken to the circuit court, where, upon trial before a jury, verdict and judgment were rendered in favor of the plaintiffs, and the defendants appealed to this court.
It is insisted that the justice had no authority to sign and issue the garnishment in this case; that this, should have been done by the sheriff or. constable who had the attachment in his hands for service.
By sec. 3087 of the Code, it is made the duty of the officer having in his hands an unsatisfied execution, to summon, in writing, the garnishee, &c.
Under this statute, or the similar act of 1803-, ch 6, sec. 3, Car. & Nich, 362, this court held, in Hogshead v. Carruth, 5 Yer., 230, that “in all eases where a garnishee summons is issued after judgment, it must be by a written notice by the sheriff or other officer who has an execution in his hands,” &c.; and, further, that a clerk has no authority to issue such summons. In this case, the garnishee contested the validity of the proceedings against him.
The case of Hearn v. Crutcher, 4 Yer., 474, was one which was begun by attachment against an absconding debtor, under the act of 1794, ch. 1, sec. 22, which provides that where the sheriff or other officer shall serve an attachment, ,&e., he shall, at the *145 same time, summon such person as a garnishee, &e. The garnishment in that case was signed and issued by the justice of the peace issuing the attachment. Hearn, the garnishee, notwithstanding this and other irregularities, appeared and answered, and judgment was' rendered against him, from which he appealed to this court. And it was held that Hearn’s appearance and answer was a waiver of any defect in the garnishee summons; that its office was ended so soon as the garnishee appeared and submitted to answer.
The saíne thing was held in Woodfolk v. Whitworth, 5 Col., 561.
It will • be observed, that the act of 1794 directs that the officer having the attachment shall summon the garnishee in writing, but that the provision of the Code, sec. 3479, is, that attachment by garnishment is effected by informing the debtor of the defendant, &o., by leaving written notice, &c., without specifying whether this information shall be given by the officer issuing, or the one holding, the attachment, — differing in this respect from the act of 1794, and from sec. 3087 of the Code, which, also, requires that the officer having in his hands an unsatis'fied execution, shall summon in writing, &c.
This difference in the two sections of the Code seems not to be the result of inadvertance or accident, as the office of the garnishment in the two cases is essentially different. In the one case, it is used after judgment has been obtained, as a means of its satisfaction. In the other, it authorizes the court or justice to • render a judgment against the *146 debtor of the plaintiff, without personal service of process against him. In the last named case, it would seem appropriate that it should issue from the court in which the suit is instituted.
Be this as it may, it appears in this case that Tiner, the garnishee, appeared and answered, and admitted his indebtedness to the defendants; and this, we hold, waived any objection that might have been taken to the summons.
It is insisted that the court erred in charging the jury, as requested by the plaintiffs, that when the defendants found the horse sick on the road, they were bound to treat him as a reasonably prudent man would have treated his own sick horse. This part of the charge, it is urged, is inconsistent with instructions previously given in the charge, at the request of the defendants. We think the instructions given, at the request of the defendants, should have been qualified, and without some qualification, were . too strong in their favor; but of this they cannot complain.
We are of the opinion that there is no substantial error in the record, and we affirm the judgment.